*Rodman, for appellant.*

*Hazelrigg, for appellee.*

---

SHELBYVILLE & BELLEVIEW T. P. CO. *v.* BEN WASHBURN, ETC.

Attachments—Garnishee—Personal Judgment—Rule to Show Cause—Final Judgment—Receiver.

> The appellees took a rule against appellant to show cause why it had not made payment into court of the sum admitted to be due as garnishee. Appellant responded that it did not have the money, thereupon the court made an order placing the company in the hands of a receiver, which was a final order.

> Held, that as the appellant was only a garnishee, it was error to render a personal judgment against it or place its property in the hands of a receiver.

APPEAL FROM SHELBY CRCUIT COURT.

November 8, 1872.

OPINION BY JUDGE LINDSAY:

This appeal is prosecuted by a garnishee. The appellants, a turnpike corporation, answered, admitting an indebtedness to the defendant, McCarty, of five hundred dollars. Whereupon the circuit court ordered that it should pay into court said sum of money within thirty days and upon failure to do so, that the several appellees might have executions against it for the amount of their judgments against McCarty. The company failed to pay as required, and appellees instead of issuing executions applied for and had a rule issued against appellant requiring it to show cause why it had not made the payment into court of the sum admitted to be due to McCarty.

In response the company, through its treasurer, states that the order had not been obeyed because it has not had the money necessary to make the payment; that it then had no money and that there was no prospect that the receipts of the company would enable it to make the required payment.

Upon the filing of this response and without further pleading the court made an order appointing a receiver, and directing him to take charge of the company, to collect the tolls accruing on its road, and report his acts to the court.

This order is certainly final. It settles the right of appellees to apply to the payment of their judgments against McCarty all the tolls arising from the travel on appellant's road, and takes from the company until these judgments are satisfied the right to control and manage its own property. That it is erroneous, it seems to us, is perfectly clear. The garnishee was not made a defendant to any of the actions against McCarty except to that of Ramsey and brother-in-law merely a defendant in form as to that case. No judgment was asked against it, as might have been, had the proceedings conformed to section 248 of the Civil Code.

Appellant was proceeded against under section 246 of the Code, and when the remedies therein provided were exhausted the power of the court ended. It might have been attached for contempt in failing to pay the amount owing to McCarty into court, or to secure its payment by the execution of the proper bond, but no personal judgment could be rendered against it, nor could its franchises and road be seized. *Griswald v. Popham,* 1st Duvall 170; *Smith v. Grower,* 3d Metcalf 171.

As the judgment appealed from was unauthorized it must be reversed. The cause is remanded for further proper proceedings.

*Harwood, for appellants.*

*Lindsay, for appellee.*